IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY LYNN COLLARD, )<br>    Plaintiff, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA (IRS), )<br>    Defendant. ) | | No. 3:10-CV-0776-M-BH<br><br>Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive issues. Before the Court are Plaintiff *Collard's Motion to Remand* ("Mot. Remand"), filed May 11, 2010 (doc. 9), and the *United States' Motion to Dismiss*, ("Def.'s Mot.") filed May 20, 2010 (doc. 13). Based on the relevant filings and applicable law, the motion to remand should be **DENIED**, and the motion to dismiss for lack of jurisdiction should be **GRANTED**.

### I. BACKGROUND

After action by the Internal Revenue Service ("IRS") to collect her 2004 tax liability, Plaintiff requested a collection due process ("CDP") and/or equivalent hearing. (*See* Ex. D-104 attached to Verified Orig. Pet. ("Compl.").) On February 8, 2010, the IRS Appeals office sent her a letter asking her to amend her hearing request to provide a legitimate reason for the request and withdraw her frivolous reason or to withdraw her request entirely, but Plaintiff did not respond. *See id.* On March 6, 2010, the IRS sent her a letter stating that it was disregarding her request for a CDP hearing as permitted by IRC § 6330(g) because her reasons for the request were frivolous and/or reflective of a desire to delay or impede the administration of federal tax laws. *Id.* The March 6, 2010 letter expressly advised her that collection efforts could proceed as if she had not requested a

hearing, and that she could either contact the Collection office with any legitimate issues or request an equivalent hearing within a year of her "CDP Lien and/or Levy Notice" to discuss legitimate issues. *Id.*

Subsequently, Plaintiff filed an action in state court seeking injunctive and declaratory relief regarding her tax status and her tax liability for 2004. (*See* Compl. at 11-12.) She also appeared to challenge the government's refusal to terminate its "levy/lien process" in response to her requested CDP hearing. (*See* Ex. D-104; Mot. Remand at 2-3.) The United States removed the action on April 16, 2010, contending that this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1340. (*See* Notice of Removal ¶ 3.) Plaintiff thereafter moved to remand the action to state court, and Defendant moved to dismiss under Fed. R. Civ. P. 12(b)(1), (2) and (6).

## II. MOTION TO REMAND

Plaintiff urges the Court to remand this case to state court because it presents no federal question. (Mot. Remand at 2-6.) The United States contends that it properly removed the action under 28 U.S.C. §§ 1441 and 1442. (Resp. Opp'n Mot. Remand ("Def.'s Resp.") at 1-2.)

State civil actions are generally removable when the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a).[1] A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in "all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil actions where there is

---

[1] Section 1441(a) provides in pertinent part:
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. 28 U.S.C. § 1332. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2003). Further, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In this case, Plaintiff challenges her federal tax liability. Federal tax issues are properly removed under § 1441(a) even when the plaintiff pleads a claim under state law. *See Grable & Sons Metal Prods., Inc. v. Darve Eng'g & Mfg.*, 545 U.S. 308, 312-15 (2005). Because 28 U.S.C. § 1340 grants federal courts original jurisdiction over civil actions arising under federal tax laws, this Court has original jurisdiction over the action filed by Plaintiff. *See Florance v. United States*, No. 3:09-CV-1732-B, 2009 WL 5173956, at *1 (N.D. Tex. Dec. 31, 2009). The case was therefore properly removed under § 1441(a). *See id.* (denying similar motion to remand in nearly identical case for same reasons).[2] Further, state actions against the United States or its agencies or officers for acts related to "the collection of revenue" may be removed under § 1442(a)(1). This action was also properly removed under § 1442(a) because Plaintiff "is simply attempting to thwart efforts of the United States, through the IRS, to collect revenue it believes is owed." *See Flowers v. United States*, No. G-06-484, 2006 WL 3147332, at *2 (S.D. Tex. Oct. 3, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 3479074 (S.D. Tex. Oct. 30, 2006). The United States has carried its burden to show that the action was properly removed.

Plaintiff argues that this action must be remanded to state court because she pursues state trust issues, tax issues are not federal questions, and the United States is the *de facto* plaintiff in the

---

[2] Plaintiff concedes that the *Florance* case is substantively identical to her case. (*See* Mot. Remand at 2-3.)

state action and therefore cannot remove the case. (*See* Mot. Remand at 3-6.) She argues that if the United States "wants to try 'federal income tax' matters in the *federal* court then [it] needs to file the lawsuits." (*See id.* at 5.) As the Fifth Circuit aptly stated in Collard's previous case:

> Collard mounts an overall attack on the legitimacy of the federal income tax system throughout her brief . . . She presents this argument, apparently premised on the law of trusts, under the rubric of "taxpayer means fiduciary." Collard's argument consists of baseless due process claims and frivolous attempts to undermine the federal income tax. Where this is the case, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984).

*Collard v. C.I.R.*, 354 F. App'x 24, 26 (5th Cir. 2009) (finding Plaintiff's tax appeal frivolous and sanctioning her $8,000). Plaintiff's arguments for remand are frivolous and her motion should be **DENIED**.

### III. RULE 12(b)(1) MOTION

The United States moves for dismissal of this action, in part, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Def.'s Mot. at 3-7.)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with

4

prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* When the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming*, 281 F.3d at 161.

In this case, Defendant presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See id.*; *Williamson*, 645 F.2d at 412-13.

## A. Federal Sovereign Immunity

The United States first argues that the Court lacks jurisdiction due to sovereign immunity.

(Def's Mot. at 3.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent/waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 128 S. Ct. 1931, 1942 (2008). The plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Here, Plaintiff asserts no statutory basis for finding that the United States has waived its sovereign immunity. She instead argues that "those who assert immunity" for the United States in a tax case are "idiots", professionally incompetent, or "clinically insane." (Pl.'s Resp. Mot. Dismiss at 4.) This Court has previously rejected that same argument for overcoming an assertion of sovereign immunity. *See Florance*, 2009 WL 5173956, at *2.[3]

## B. <u>Declaratory and Injunctive Relief</u>

The United States next argues that the Court lacks jurisdiction to make declarations regarding any tax matters at issue in this case or to grant an injunction to preclude it from making future tax claims against Plaintiff. (*See* Def.'s Mot. at 4-5.)

---

[3] Even though an action is properly removed to federal court, it may be dismissed on jurisdictional grounds. *See Florance*, 2009 WL 5173956, at *2; *Morse v. United States*, No. 2:07-CV-249-FtM-34DNF, 2007 WL 4287535, at *2-5 & n.4 (M.D. Fla. Dec. 4, 2007).

With limited exceptions that do not apply in this case, Congress has excluded federal tax matters from the scope of the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974). The Court is therefore without jurisdiction to issue a declaration that Plaintiff is not a taxpayer and is not liable for taxes. *See Walters v. United States*, 287 F. App'x 392, 395 (5th Cir. 2008).

Similarly, the Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that with exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Section 7421(a) "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962); *accord Bob Jones Univ.*, 416 U.S. at 749. However, "a pre-enforcement injunction against the assessment or collection of taxes may be granted" when two criteria are met: (1) "if it is clear that under no circumstances could the Government ultimately prevail" and (2) "if equity jurisdiction otherwise exists". *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974) (quoting *Enochs*, 370 U.S. at 7). The second criteria is met when irreparable injury will result in the absence of an issued injunction. *Bob Jones Univ.*, 416 U.S. at 737.

Here, Plaintiff has alleged no irreparable injury and has made no argument that the government will be unable to assess or collect taxes from her in the future. The Court lacks jurisdiction to grant an injunction to the extent Plaintiff seeks to preclude the United States from making future tax claims against her.

**C. Review CDP Determination**

To the extent Plaintiff seeks judicial review of the government's refusal to terminate its

7

"levy/lien process" in response to her requested CDP hearing, (*see* Ex. D-104; Mot. Remand at 2-3), the Tax Court has exclusive jurisdiction. *See Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *1 (5th Cir. 2008). Moreover, when it has been determined that a portion of a hearing request is frivolous or shows a desire to delay or impede the administration of federal tax laws, that "portion shall not be subject to any further administrative or judicial review." *See* 26 U.S.C. §§ 6330(g), 6702(b)(2)(A)(i) and (ii). This Court lacks jurisdiction to review the CDP determination.

Because the Court lacks jurisdiction over this action, Defendant's Rule 12(b)(1) motion should be granted.

## IV. SANCTIONS

Plaintiff has previously been sanctioned $8,000 for filing a frivolous tax appeal. *See Collard v. C.I.R.*, 354 F. App'x 24, 26 (5th Cir. 2009). She then filed a request for CDP hearing that was disregarded because it was frivolous or showed a desire to delay or impede the administration of federal tax laws. (*See* Ex. D-104.) Soon after, she filed this action in state court asserting similar arguments to those that had resulted in sanctions by the Fifth Circuit. She has now been warned by this the Court that "filing frivolous motions may result in sanctions up to and including a monetary sanction payable to the Court." (*See* Order of May 25, 2010, doc. 16.) Notwithstanding this warning, she proceeded to file three frivolous motions to strike. (See docs. 17, 18, 21.)

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11;

8

*Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff should be sanctioned $300 ($100 per motion) for filing frivolous motions to strike after being warned that she could be sanctioned for doing so, and she should be prohibited from filing any future action in this Court until she pays this monetary sanction. She should also be warned that she may be sanctioned for asserting frivolous claims, contentions, and arguments or otherwise abusing the litigation process.[4] If she continues to assert frivolous matters in this case or any other case, harsher sanctions should be imposed, including requiring her to pay a monetary sanction to the clerk of court and/or placing appropriate restrictions on her filing actions or motions.

## V. RECOMMENDATION

Plaintiff *Collard's Motion to Remand*, filed May 11, 2010, (doc. 9) should be **DENIED**, the *United States' Motion to Dismiss* under Fed. R. Civ. P. 12(b)(1), filed May 20, 2010 (doc. 13), should be **GRANTED**, and this action should be dismissed without prejudice for lack of jurisdiction. Plaintiff should also be sanctioned $300 for filing frivolous motions.

---

[4] Plaintiff relies on some of the same arguments, contentions, and claims raised by Richard Florance. Notably, substantial sanctions have been entered against him for some of these arguments. See *Florance v. C.I.R.*, T.C.M. (RIA) 2005-060 (2005) ($10,000.00 sanction), *aff'd*, 174 F. App'x 200 (5th Cir. 2006); *Florance v. C.I.R.*, T.C.M. (RIA) 2005-061 (2005) ($12,500.00 sanction), *aff'd*, 174 F. App'x 200 (5th Cir. 2006); *Florance v. C.I.R.*, 174 F. App'x 200, 201 (5th Cir. 2006) (filing restriction imposed); *In re: Florance*, No. 07-40129, unpub. ord. at 2, 4-5 (5th Cir. June 5, 2007) (sanction warning regarding inappropriate and abusive language); *Florance v. Buchmeyer*, 258 F. App'x 702, 702 (5th Cir. 2007) (warning about monetary sanctions and appeal struck as sanction for inappropriate comments); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 628 (N.D. Tex. 2007) (sanction warning for inappropriate language); *Texas v. Florance*, No. 4:06-CV-510, 2008 WL 839736, at *1 (E.D. Tex. Mar. 27, 2008) (same).

**SO RECOMMENDED on this 29th day of July, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE